UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

MICROSOFT CORPORATION,

                Plaintiff,

v.

MICROTECH COMPUTERS, INC., a Kansas corporation,

                Defendant.

CIVIL ACTION NO.

## COMPLAINT

Microsoft Corporation ("Microsoft") brings this action against Defendant Microtech Computers, Inc., a Kansas corporation, ("Defendant") alleging that Defendant engaged in copyright and trademark infringement; and false designation of origin, false description and representation. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits, and injunctive relief.

## THE PARTIES

1. Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant Microtech Computers, Inc., is a Kansas corporation ("Microtech" or "Defendant") that does business on the Internet and in Lawrence, Kansas. Microtech is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

## JURISDICTION

3. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Kansas pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendant resides in the District of Kansas, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the District of Kansas.

## FACTS COMMON TO ALL CLAIMS

6. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft software programs are distributed together with associated proprietary materials such as disks, certificates of authenticity, end user license agreements, and other components.

7. Microsoft Windows 7 Professional: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 Professional ("Windows 7"). Windows 7 is an operating system for desktop and laptop computers. Microsoft holds a valid copyright in Windows 7 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

8. Office 2010: Microsoft has also developed, advertises, markets, distributes, and licenses Microsoft Office 2010, which is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2010 (including text, photograph(s), editing computer program, artwork, audio visual, sounds, and packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2010, bearing the number TX 7-151-840, is attached hereto as Exhibit 2 and is incorporated by reference. The "Starter" suite Office 2010 includes Microsoft Excel 2010 and Word 2010. The "Professional Plus" suite of Office 2010 includes not only Microsoft Excel 2010 and Word 2010, but also Outlook 2010, PowerPoint 2010, Publisher 2010, Access 2010, OneNote 2010, InfoPath 2010, and SharePoint Workspace 2010. Each of these programs is described as follows:

    A. Microsoft Excel 2010 , a program that allows users to create spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2010 (including text, photograph(s), editing computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2010, bearing the number TX 7-218-085, is attached hereto as Exhibit 3 and is incorporated by reference.

    B. Microsoft Outlook 2010, a program that allows users and networked teams to create and manage calendars, tasks, and contacts. Microsoft holds a valid copyright in Microsoft Outlook 2010 (including text, editing, computer program, and packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2010, bearing the number TX 7-206-501, is attached hereto as Exhibit 4 and is incorporated by reference.

    C. Microsoft PowerPoint 2010, a program that allows users to create, organize, and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2010 (including text, photograph(s), editing, computer program, artwork,

audio, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2010, bearing the number TX 7-219-973, is attached hereto as Exhibit 5 and is incorporated by reference.

   D. Microsoft Word 2010, a program that allows users to create and edit reports and documents.  Microsoft holds a valid copyright in Microsoft Word 2010 (including text, photographs, editing, computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2010, bearing the number TX 7-206-498, is attached hereto as Exhibit 6 and is incorporated by reference.

   E. Microsoft Publisher 2010, a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and websites.  Microsoft holds a valid copyright in Microsoft Publisher 2010 (including text, photograph(s), editing, computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2010, bearing the number TX 7-206-489, is attached hereto as Exhibit 7 and is incorporated by reference.

   F. Microsoft Access 2010, a program that allows users to create and manipulate databases and store data.  Microsoft holds a valid copyright in Microsoft Access 2010 (including text, editing, computer program, including packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2010, bearing the number TX 7-206-461, is attached hereto as Exhibit 8 and is incorporated by reference.

   G. Microsoft OneNote 2010, a computer program that allows users to organize text, pictures, digital handwriting, and notes in one spot so that it may be accessed and shared.  The copyright in Microsoft's OneNote 2010 (including text, editing, computer program,

and packaging) was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft OneNote 2010, bearing the number TX 7-206-464, is attached hereto as Exhibit 9 and is incorporated by reference.

        H.     InfoPath 2010, a computer program that allows users to collect and manage data using electronic forms. The copyright in Microsoft's InfoPath 2010 (including text, editing, computer program, and packaging) was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft InfoPath 2010, bearing the number TX 7-206-468, is attached hereto as Exhibit 10 and is incorporated by reference.

        I.     SharePoint Workspace 2010, a computer program that allows users to access SharePoint content whether or not they are connected to the SharePoint server or working offline. The copyright in Microsoft's SharePoint Workspace (including text, editing computer program, and packaging) was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft SharePoint Workspace 2010, bearing the number TX 7-206-481, is attached hereto as Exhibit 11 and is incorporated by reference.

    9.    Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

        A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

        B.     "WINDOWS," Trademark Registration No. 1,872,264;

        C.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843;

        D.     COLORED FLAG START BUTTON, Trademark Registration No. 3,361,017;

        E.     "MICROSOFT OFFICE," Trademark Registration No. 3,625,391;

  F. "ACCESS," Trademark Registration No. 3,238,869;

  G. ACCESS LAUNCH ICON, Trademark Registration No. 3,905,556;

  H. "EXCEL," Trademark Registration No. 2,942,050;

  I. EXCEL LAUNCH ICON, Trademark Registration No. 3,905,558;

  J. "INFOPATH," Trademark Registration No. 2,890,260;

  K. INFOPATH LAUNCH ICON, Trademark Registration No. 3,905,557;

  L. OFFICE 2010 DESIGN, Trademark Registration No. 4,029,299;

  M. "ONENOTE," Trademark Registration No. 2,844,710;

  N. ONENOTE LAUNCH ICON, Trademark Registration No. 3,905,559;

  O. "OUTLOOK," Trademark Registration No. 2,188,125;

  P. OUTLOOK LAUNCH ICON, Trademark Registration No. 3,905,560;

  Q. "POWERPOINT," Trademark Registration No. 1,475,795;

  R. POWERPOINT LAUNCH ICON, Trademark Registration No. 3,905,561;

  S. PUBLISHER LAUNCH ICON, Trademark Registration No. 3,909,142;

  T. WORD LAUNCH ICON, Trademark Registration No. 3,909,143;

  U. "SHAREPOINT," Trademark Registration No. 2,854,862, for computer programs; and

  V. SHAREPOINT LAUNCH ICON, Trademark Registration No. 3,909,144;

True and correct copies of the Trademark Registrations for A through V above are attached hereto as Exhibits 12 through 33, respectively, and are incorporated by reference.

### Defendant's Infringement

10. Defendant advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software after Microsoft warned it of the consequences of infringing Microsoft's copyrights, trademarks and/or service mark.

11. On information and belief, Defendant advertised that the computers that it sells are installed with Microsoft software. In the advertisements, Defendant misappropriates and/or infringes Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

12. The computers sold by Defendant actually have infringing copies of Microsoft software installed.

13. In March 2006, Microsoft brought suit against Defendant for the infringement of Microsoft's trademarks and other related claims (Microsoft Corporation v. Microtech Computers, Inc., et al., United States District Court for the District of Colorado, Civil Action No. Case No. 05-CV-700-RPM-MEH). The parties entered into a Stipulated Permanent Injunction which was ordered by the Court on April 26, 2007. The injunction prohibits Defendant, its successors, and all those acting in concert or participation with Defendant, from, among other things, infringing Microsoft's trademarks.

14. By e-mail dated May 20, 2014, Microsoft warned Defendant about the consequences of making and distributing unauthorized copies of Microsoft software on refurbished computers.

15. Nevertheless, in or about June 2014, Defendant distributed to an investigator computer systems with unauthorized and infringing copies of Windows 7 and Office 2010 software installed.

16. On information and belief, this is not an isolated incident. Rather, Defendant has been and continues to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

17. On information and belief, Defendant has committed and is continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a

minimum, Defendant was willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

18. On information and belief, Microsoft has been harmed by Defendant's advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendant is distributing.

## COUNT I
### (Copyright Infringement)

19. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

20. Microsoft is the sole owner of Microsoft Windows 7 and Office 2010 and of the corresponding copyrights and Certificates of Registration.

21. Defendant has infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows 7 and Office 2010, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22. At a minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23. As a result of its wrongful conduct, Defendant is liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendant has made as a result of the wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a)

Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

26. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II
### (Trademark Infringement)

27. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. Defendant's activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

29. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

30. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

31. The infringing materials that Defendant has and is continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

32. Further, Defendant's activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendant is advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

33. Upon information and belief, Defendant advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

34. At a minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35. As a result of its wrongful conduct, Defendant is liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendant has made as a result of its wrongful conduct. 15 U.S.C. § 1117(a).

36. In addition, because Defendant's infringement of Microsoft's trademarks and service mark as described above was willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).

37. Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

38. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendant pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement constitutes harm to Microsoft's such that Microsoft could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

41826-5600.0131/LEGAL125131008.1

1

39. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## COUNT III
### (False Designation Of Origin, False Description And Representation)

40. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

42. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

43. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

44. Defendant's wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with Defendant's goods and services.

45. Upon information and belief, Defendant engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendant's conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the

imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

46. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

47. As a result of Defendant's wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendant. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendant's advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT IV
### (Kansas Common Law Trademark Infringement)

48. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47, inclusive.

49. The acts and conduct of Defendant as alleged above in this Complaint, including the passing off of infringing and counterfeit software, constitute trademark infringement under Kansas common law.

50. The acts and conduct of Defendant are likely to cause confusion and mistake among customers, end users and the public as to the origin or association of Defendant's infringing Microsoft software components. These acts and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software components distributed, solicited for distribution, offered, advertised and marketed by Defendant originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

51. Defendant's conduct as alleged above has provided Defendant with an unfair advantage. Defendant's conduct has damaged and will continue to damage Microsoft and has resulted in losses to Microsoft and an illicit gain of profit to Defendant in an amount that is unknown at the present time.

## COUNT V
### (For Imposition Of A Constructive Trust Upon Illegal Profits)

52. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53. Defendant's conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

54. By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to Microsoft.

55. Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

56. Defendant holds the money and profits it has illegally received as a constructive trustee for the benefit of Microsoft.

## COUNT VI
### (Accounting)

57. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to its acts of infringement.

59. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement.

60. The amount of money due from Defendant to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendant of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendant as indicated below:

    (a) that Defendant has infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:

        (1) TX 7-009-361 ("Windows 7");

        (2) TX 7-151-840 ("Office 2010");

        (3) TX 7-218-085 ("Excel 2010");

        (4) TX 7-206-501 ("Outlook 2010");

        (5) TX 7-219-973 ("PowerPoint 2010");

        (6) TX 7-206-498 ("Word 2010");

        (7) TX 7-206-489 ("Publisher 2010");

        (8) TX 7-206-461 ("Access 2010");

        (9) TX 7-206-464 ("OneNote 2010");

        (10) TX 7-206-468 ("InfoPath 2010"); and

        (11) TX 7-206-481 ("SharePoint Workspace 2010")

    (b) that Defendant has infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

        (1) 1,200,236 ("MICROSOFT");

        (2) 1,872,264 ("WINDOWS");

        (3) 2,744,843 (COLORED FLAG DESIGN);

        (4) 3,361,017 (COLORED FLAG START BUTTON);

        (5) 3,625,391 ("MICROSOFT OFFICE");

        (6)        3,238,869 ("ACCESS");

        (7)        3,905,556 (ACCESS LAUNCH ICON);

        (8)        2,942,050 ("EXCEL");

        (9)        3,905,558 (EXCEL LAUNCH ICON);

        (10)      2,890,260 ("INFOPATH");

        (11)      3,905,557 (INFOPATH LAUNCH ICON);

        (12)      4,029,299 (OFFICE 2010 DESIGN);

        (13)      2,844,710 ("ONENOTE");

        (14)      3,905,559 (ONENOTE LAUNCH ICON);

        (15)      2,188,125 ("OUTLOOK");

        (16)      3,905,560 (OUTLOOK LAUNCH ICON);

        (17)      1,475,795 ("POWERPOINT");

        (18)      3,905,561 (POWERPOINT LAUNCH ICON);

        (19)      3,909,142 (PUBLISHER LAUNCH ICON);

        (20)      3,909,143 (WORD LAUNCH ICON);

        (21)      2,854,862 ("SHAREPOINT"); and

        (22)      4,355,449 (SHAREPOINT LAUNCH ICON);

      (c)      that the infringement described in 1(a) and 1(b) was committed, at a minimum, with willful blindness and/or reckless disregard;

      (d)      that Defendant has committed and is committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

      (e)      that Defendant has engaged in trademark infringement in violation of Kansas common law; and

      (f)      that Defendant has otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

15

(2) That the Court issue injunctive relief against Defendant, and that Defendant, its directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of the software programs, components , end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by the following copyright Certificate Registration Nos.:

(1) TX 7-009-361 ("Windows 7");

(2) TX 7-151-840 ("Office 2010");

(3) TX 7-218-085 ("Excel 2010");

(4) TX 7-206-501 ("Outlook 2010");

(5) TX 7-219-973 ("PowerPoint 2010");

(6) TX 7-206-498 ("Word 2010");

(7) TX 7-206-489 ("Publisher 2010");

(8) TX 7-206-461 ("Access 2010");

(9) TX 7-206-464("OneNote 2010");

(10) TX 7-206-468 ("InfoPath 2010"); and

(11) TX 7-206-481 ("SharePoint Workspace 2010");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,200,236 ("MICROSOFT");

(2) 1,872,264 ("WINDOWS");

(3) 2,744,843 (COLORED FLAG DESIGN);

(4) 3,361,017  (COLORED FLAG START BUTTON);

    (5)  3,625,391 ("MICROSOFT OFFICE");

    (6)  3,238,869 ("ACCESS");

    (7)  3,905,556 (ACCESS LAUNCH ICON);

    (8)  2,942,050 ("EXCEL");

    (9)  3,905,558 (EXCEL LAUNCH ICON);

    (10)  2,890,260 ("INFOPATH");

    (11)  3,905,557 (INFOPATH LAUNCH ICON);

    (12)  4,029,299 (OFFICE 2010 DESIGN);

    (13)  2,844,710 ("ONENOTE");

    (14)  3,905,559 (ONENOTE LAUNCH ICON);

    (15)  2,188,125 ("OUTLOOK");

    (16)  3,905,560 (OUTLOOK LAUNCH ICON);

    (17)  1,475,795 ("POWERPOINT");

    (18)  3,905,561 (POWERPOINT LAUNCH ICON);

    (19)  3,909,142 (PUBLISHER LAUNCH ICON);

    (20)  3,909,143 (WORD LAUNCH ICON);

    (21)  2,854,862 ("SHAREPOINT"); and

    (22)  4,355,449 (SHAREPOINT LAUNCH ICON);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

    (b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3) That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that is in Defendant's possession or under Defendant's control;

(4) That the Court enter an order declaring that Defendant hold in trust, as constructive trustee for the benefit of Microsoft, the illegal profits obtained from Defendant's distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendant

to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendant's illegal activities.

(5)     That the Court order Defendant to pay Microsoft's general, special, actual, and/or statutory damages as follows:

(a)     Microsoft's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)     Microsoft's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)     Microsoft's damages and Defendant's profits pursuant to Kansas common law.

(6)     That the Court order Defendant to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(7)     That the Court grant to Microsoft such other and additional relief as is just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff Microsoft hereby designates the United States District Court for the District of Kansas at 500 State Avenue, Kansas City, Kansas, as the Court and place of trial.

Respectfully submitted,

STINSON LEONARD STREET LLP

By:   /s/ Robin K. Carlson
    Robin K. Carlson  (KS #21625)
    1201 Walnut Street, Suite 2900
    Kansas City, Missouri 64106-2150
    Telephone:  (816) 842-8600
    Facsimile:  (816) 691-3495
    robin.carlson@stinsonleonard.com

ATTORNEYS FOR PLAINTIFF